BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was tried pursuant to an indictment and convicted of burglary in the second degree. The trial court sentenced him to five years imprisonment in the penitentiary.
The indictment alleged that the business burglarized was King Ford Sales, which *881 was an automobile dealership and repair shop that was operated by and in possession of Hennon King at the time of the alleged burglary on the night of January 10th and 11th, 1978.
It appears from the evidence that a quantity of repair tools and motor vehicle parts, including an automobile, all valued by Mr. King at $24,000, was taken. Some of the items were recovered from an automotive truck in which defendant was riding when he was stopped for speeding. A wrench and a metal chain recovered in the search of the truck were properly identified as items that were stolen from the burglarized building.
It appears in the record that on the first day of May, 1978, defendant’s appointed counsel filed a motion to suppress. Omitting the caption and signature of counsel, the motion reads:
“MOTION TO SUPPRESS ILLEGALLY SEIZED EVIDENCE
“1. The affiant, Donald M. Phillips, the attorney for the defendant being first duly sworn, deposes and says:
“2. That on a date prior to the return of the indictment in this cause the vehicle, pick up truck, of the defendant was stopped by an officer of the City of Leeds or other county or state officers and was searched against the will and without the consent of the defendant.
“3. That certain items were taken from the truck of the defendant consisting of a chain, mechanic’s tools and other items which constitute all the physical evidence in this action.
“4. As a result of said illegal search the defendant was arrested on the charge for which he now faces trial in this Honorable Court.
“5. Said unlawful search and seizure violated defendant’s rights under the Fourth Amendment under the United States Constitution and affiant has reasonable grounds to believe that the above described property will be used as evidence against the defendant in the above prosecution.
“WHEREUPON, affiant respectfully requests an order suppressing as evidence the above described property illegally seized. And granting defendant such other and further relief as the Court deems just and proper.”
While the foregoing motion does not specifically demand or request a hearing, we think the nature of the motion and the allegations therein impliedly entitled the movant to a hearing outside the presence of the jury; but the trial court did not set the motion down for a hearing. On May 9, 1978, it entered an order denying the motion. Appellant here, and in ground 4 of his motion for a new trial, asserts that the denial of the motion without a hearing was reversible error. We conclude that the denial, under the circumstances, was prejudicial error.
We hold that denial of the written motion was not an incurable error to reverse. It appears in the record that during the progress of the trial and when the State proposed to introduce in evidence some of the stolen items that were found in the truck occupied and driven by the defendant, the defendant objected to such introduction and moved the court for a hearing outside the presence of the jury. The court overruled the objection and denied the motion. The trial continued in the presence of the jury.
This Court in Neugent v. State, Ala.Cr. App., 340 So.2d 55, cert. denied, Ala., 340 So.2d 60, observed:
“While the better or more efficient procedure may be to hold a pretrial hearing on motions to suppress, we find no prejudicial effect upon the appellant so long as the matter is heard outside the presence of the jury. Childers v. State (1976) 58 Ala.App. -, 339 So.2d 597. And, further providing that the appellant is not prejudiced by having evidence from the suppression hearing improperly introduced against him during the trial on the merits of the case. However, evidence from a probable cause hearing, which may be inadmissible as primary evidence of guilt, may nevertheless end up before *882 the jury where proper and timely objection is not made by the appellant.”
Thus, it appears that the Court not only denied the written motion to suppress without a hearing, but in the trial on the merits it denied appellant’s motion to first hear the evidence outside the presence of the jury.
Thus, we have multiple efforts on the part of defendant to prevent the evidence being admitted: (1) by written motion to suppress and (2) by oral objection during the trial on the merits. It is to be noted that upon the trial on the merits, defendant asked to be heard outside the presence of the jury, but such hearing was denied.
The court erred to reversal in refusing such hearing outside the presence of the jury and in overruling defendant’s objection to such admission made during the trial. The first ruling denying the written motion remained intact and was not made harmless as would have been the case had the court granted defendant’s motion made during the trial to be heard outside the presence of the jury. Both denials were error to reverse. Neugent v. State, supra.
The judgment is reversed and the cause is remanded.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.