This Court granted the State's petition for a writ of certiorari to review the decision of the Court of Criminal Appeals, 388 So.2d 202, which had reversed respondent Reid's robbery conviction on the ground that the warrantless search of Reid's vehicle was illegal and not within a recognized exception to the warrant requirement of the Fourth Amendment to the United States Constitution. We reverse and remand.
The facts are presented in detail in the opinion of the Court of Criminal Appeals. Reid v. State, 388 So.2d 202 (Ala.Cr.App. 1979). The sole and determinative issue is whether the warrantless search was justified because of the existence of an exigent circumstance, coupled with probable cause. We hold that it was.
The Court of Criminal Appeals held:
 "From the facts and circumstances in the instant case, it is clear that the police officers were not faced with a `now or never situation.' The contraband was safely contained in the tool box of the appellant's truck which was under constant surveillance. The appellant was apprehended only as he was leaving the apartment complex with another individual in a pink Thunderbird. He was nowhere near his truck at that time. The appellant was escorted back to the apartment *Page 209 
surrounded by approximately ten deputy sheriffs. He was `in custody.' In short, at the time of the search, there was no danger in the pickup truck leaving the area or of the evidence contained in the tool box being destroyed. A search warrant clearly could have been and should have been obtained before the search was conducted."
It is apparent that the Court of Criminal Appeals was of the opinion that police officers could have prevented movement of the pickup truck and tool box until a warrant could be obtained. The Supreme Court of the United States addressed the identical issue in Chambers v. Maroney, 399 U.S. 42,90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The United States Supreme Court held that ". . . the opportunity to search [a car] is fleeting since a car is readily movable." That court went on to state: "For constitutional purposes, we see no difference between onthe one hand seizing and holding a car before presenting theprobable cause to a magistrate and on the other hand carryingout an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." (Emphasis added.) The Court concluded, ". . . thereis little to choose in terms of practical consequences betweenan immediate search without a warrant and the car'simmobilization until a warrant is obtained." (Emphasis added.)
The Court of Criminal Appeals seems to admit that the police had probable cause to believe that the fruits or instrumentalities of a crime were in the tool box of the vehicle, and that a warrant would have issued had those same facts been presented to a magistrate. It is apparent from a reading of the facts contained in the opinion of the Court of Criminal Appeals that the officer had probable cause to believe that the owner of the vehicle was the perpetrator of the crime and that the fruits or instrumentalities of a crime were in the tool box. The Court of Criminal Appeals seems to think that an "exigent circumstance" does not exist if the vehicle can be immobilized until a warrant can be obtained. In Chambers v.Maroney, supra, the Supreme Court of the United States says there is little difference between an immediate search without a warrant and the car's immobilization until a warrant is obtained. We hold that even though the vehicle could have been immobilized until a warrant could have been obtained, it, nevertheless, was still a "movable" within the parameters of the exception to the requirement that a warrant must be obtained.
One exigent circumstance to justify the search is sufficient to reverse the judgment of the Court of Criminal Appeals. We need not list another, but we know that a second exigent circumstance under the rule espoused in Cady v. Dombrowski,413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), exists in this case. In Cady, the Court held that the warrantless search of a vehicle is justified when the police have probable cause to believe an instrumentality which may endanger the public is located within the vehicle. In the instant case, the officer knew that the offense was committed with a firearm. He saw Reid place a box in the tool box on his vehicle. The officer had probable cause to believe the firearm was in the box and it was accessible to the public, thereby creating a possible danger to the public.
In reaching the conclusion that the search was reasonable, we have examined the decision of the Supreme Court of the United States in United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476,53 L.Ed.2d 538 (1977). In Chadwick, federal agents had lawfully seized a locked footlocker from the open trunk of a parked automobile during the arrest of those who were in possession of the footlocker. The court held that the warrantless search of the footlocker was unreasonable.
The Court, in reaching its decision, did not change the rule regarding the automobile exception to the warrant requirement, as that rule is expressed in Chambers v. Maroney, supra, andCady v. Dombrowski, supra. In fact, the Supreme Court, inChadwick, specifically addressed the automobile *Page 210 
exception to the warrant requirement, as follows:
 "The Government does not contend that the footlocker's brief contact with Chadwick's car makes this an automobile search, but it is argued that the rationale of our automobile search cases demonstrates the reasonableness of permitting warrantless searches of luggage; the Government views such luggage as analogous to motor vehicles for Fourth Amendment purposes. It is true that, like the footlocker in issue here, automobiles are `effects' under the Fourth Amendment, and searches and seizures of automobiles are therefore subject to the constitutional standard of reasonableness. But this Court has recognized significant differences between motor vehicles and other property which permit warrantless searches of automobiles in circumstances in which warrantless searches would not be reasonable in other contexts. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, [39 ALR 790] (1925); Preston v. United States, supra, [376 U.S. 364], at 366-67, 84 S.Ct. [881], at 882-883, 11 L.Ed.2d 777; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). See also South Dakota v. Opperman, 428 U.S. 364, 367, 96 S.Ct. 3092, 3095, 49 L.Ed.2d 1000 (1976).
 "Our treatment of automobiles has been based in part on their inherent mobility, which often makes obtaining a judicial warrant impracticable. Nevertheless, we have also sustained `warrantless searches of vehicles . . . in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not nonexistent.' Cady v. Dombrowski, 413 U.S. 433, 441-442, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973); accord, South Dakota v. Opperman, supra, 428 U.S. at 367, 96 S.Ct. [3092], at 3096, 49 L.Ed.2d 1000; see Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); Chambers v. Maroney, supra; Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730
(1967)."
It is apparent that the tool box in the instant case was affixed to the body of the pickup truck. We, therefore, apply the automobile exception as expressed in Chambers v. Maroney,supra, and Cady v. Dombrowski, supra, in determining the reasonableness of the search.
We find that the Court of Criminal Appeals erred in holding that the search was not within the previously discussed exception to the warrant requirement.
The cause is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
ALMON and BEATTY, JJ., concur in the result.