Appellant was convicted in the Gordo Municipal Court for violating the prohibition law and appealed to the circuit court where he was again found guilty and sentenced to six months hard labor and assessed a $500 fine.
On an undisclosed date in July 1979, Gordo Police Officer David Abstein arrested appellant on the instant charge. A pretrial hearing was held on the appellant's motion to suppress evidence found in a search of his automobile. Abstein testified that appellant had a reputation as a bootlegger and had two prior convictions for that offense. He said the police "had been having problems with him in town" and had complaints about his bootlegging activity. Therefore, the police "set it up to have him watched as he went into the State Liquor Store" in Northport in adjoining Tuscaloosa County.
On the date in question, an undisclosed informant called the Gordo city clerk and informed her that the appellant "had just left the liquor store and he had — appeared that he had bought a good quantity of alcohol and that he was in a black Volkswagen." The city clerk then informed Officer Abstein who in turn made an affidavit of those same facts back to the same city clerk who issued a search warrant to Officer Abstein to search the appellant's automobile. Abstein said he first tried to contact the municipal judge for a warrant, but on finding him to be out of town, he obtained the warrant from the city clerk.
Abstein sent a city employee to a truck stop on the highway coming into the county from Northport. The employee was armed with a "walkie-talkie" radio and was to follow the appellant and radio to Abstein which one of several roads the appellant would take into Gordo. The surveillance went as planned, and Abstein set up a roadblock within the town's police jurisdiction and stopped the appellant who was driving a black Volkswagen as described by the informant. Officer Abstein told appellant he was going to have to search his car, and appellant asked if he had a search warrant. Abstein produced the city clerk's warrant and proceeded with the search. He found "two half gallons of bourbon and two pints" in the car and placed appellant under arrest.
The only issue on appeal concerns the legality of the search. The city admits the invalidity of the search warrant issued by the city clerk, but contends the search was nevertheless valid because of the existence of probable cause coupled with exigent circumstances.
Probable cause may be based upon hearsay information received from an informant provided it meets two tests. Those two tests, or dual "prongs" as they are commonly referred to, are (1) the veracity prong and (2) the basis of knowledge prong. Aguilar v.Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
The testimony of Officer Abstein fails to meet the veracity prong of Aguilar by failing to show in any way that the undisclosed informant was reliable or had a record of reliability in the past. However, the basis of knowledge prong was met when the informant told the city clerk that he had just witnessed the appellant leave the liquor store with a quantity of liquor and driving a black Volkswagen. Thus, the informant's tip fails one of the tests or prongs of Aguilar, supra.
In Hatton v. State, Ala.Cr.App., 359 So.2d 822, 826 (1977), writ quashed, Ala., 359 So.2d 832 (1978), this court stated:
 "If the tip fails one of these prongs, the informant's report may still constitute the sole basis for a finding of probable cause if the information provided is in such detail and minute particularity that a `magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way.' This is the self-verifying tip. Spinelli v. United States, *Page 184 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Less detailed information from a reliable source may also be used as grounds for a finding of probable cause where the key elements of the tip are verified or corroborated. . . . Finally a tip that will not meet any of these standards may still be used in conjunction with a number of other factors of `further support' to show probable cause." (Citations omitted.)
The facts and circumstances within Officer Abstein's knowledge at the time of the search were (1) the informant's tip, (2) the officer's knowledge of both the informant and the appellant, (3) the reputation of the appellant as a bootlegger and a dealer in illegal liquor, and (4) the officer's personal verification of the informant's report. Apparently the informant was a state employee in the State Liquor Store in Northport; however, that fact is not shown in the record and therefore cannot be considered here as a factor even though it may have been a fact within the officer's knowledge bearing upon the informant's credibility with him.
Reviewing the factors in the instant case, we find an undisclosed informant relaying information that he had seen the appellant leaving the State Liquor Store in Northport with a quantity of liquor and driving a black Volkswagen. Officer Abstein then set out to verify that information. He had a city employee posted on the highway between Northport and Gordo. That employee observed the appellant driving a black Volkswagen in the direction of Gordo. He followed the appellant and radioed his route of entry into the town to Officer Abstein who then intercepted the appellant.
There is a distinct similarity in the facts in this case and in Hatton, supra, giving rise to the search and seizure of the respective automobiles. Applying the language of Hatton to the instant case in light of the facts and circumstances within the officer's knowledge, we do not think he could have ignored, consistent with his duty to enforce the law, the inference that illegal liquor was probably in possession of the appellant. Further, from Hatton, at 829:
 "We recognize that the probable cause present in this case represents the bare minimum necessary for a valid search without a warrant. Yet here we have more than a mere whim, caprice, or naked suspicion. The `probabilities' implied by the term `probable cause' are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. . . ."
Probable cause alone does not justify a warrantless search — it must arise coincidentally with exigent circumstances.Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). Exigent circumstances exist whenever an object to be searched is mobile or movable, such as an automobile. Ex parte State of Alabama exrel. Attorney General (Re: Reid v. State), Ala., 388 So.2d 208, (1980); Rickman v. State, Ala., 361 So.2d 28 (1978).
AFFIRMED.
All the Judges concur.