407 So.2d 870 (1981)
Steven Douglas JONES
v.
STATE.
8 Div. 551.
Court of Criminal Appeals of Alabama.
November 24, 1981.
*871 Rodney B. Slusher, Florence, for appellant.
Charles A. Graddick, Atty. Gen., and Jeffery H. Long, Asst. Atty. Gen., for appellee.
DeCARLO, Judge.
Appellant was charged in a three-count indictment with burglary, theft of property, and receiving stolen property belonging to one Durrell Mock. After a jury trial, appellant was found guilty of receiving stolen property in the second degree and sentenced to three years.
In a companion case which was consolidated for trial, appellant was indicted for burglary, theft of property, and receiving stolen property belonging to one Carl Stolsworth. The jury determined that appellant was guilty of receiving stolen property in the third degree and the trial judge sentenced him to six months, to be served concurrently with the sentence in the companion case.
The State's evidence proved that Mr. Durrell Mock and Mr. Carl Stolsworth, who owned neighboring vacation camps at Waterloo, Alabama, had burglaries of their premises in January, 1981. Mr. Mock testified that a number of items, including tools and fishing gear, had been taken from his camp. He stated that after the break-in he made a list of the items that had been stolen and gave the list to Investigator *872 Charles Perkins of the Lauderdale County Sheriff's office. Shortly thereafter, he identified certain property recovered by the Sheriff's Department as items which were missing after the January burglary. He identified State's Exhibit 2 as a photograph of the property he claimed, and estimated that the value of the recovered property was approximately $195.
Mr. Carl Stolsworth testified that following the burglary at his camp he was called by the Sheriff's Department and asked if he could identify certain property they had recovered. He recognized State's Exhibit 1 as a photograph of a radio and vacuum cleaner stolen from him in January, 1981. He judged that the value of the recovered property was about $65.
Deputy Sheriff James Richardson testified that he was on patrol at 1:59 A.M. on January 26, 1981, when he began to pursue a vehicle. As Richardson began following the car, the driver increased his speed, ran a stop sign, and pulled into a private driveway. The driver switched off the ignition, turned off the lights and jumped from the vehicle. Deputy Richardson called to the driver to halt, but he ran away. As Richardson approached the car he saw appellant on the passenger side with a rifle between his legs. The deputy testified that, in his opinion, appellant was intoxicated. He stated that he arrested appellant for public intoxication, impounded the vehicle, and arranged for it to be towed to the Sheriff's Department. Richardson ran a check of the vehicle and determined that it was registered to the appellant.
Investigator Charles Perkins stated that when appellant's vehicle was brought to the Lauderdale Sheriff's Department, he looked through the car windows and noticed several items matching the description of property reported stolen from Mr. Durrell Mock. He identified State's Exhibits 1 and 2 as photographs of the property found in appellant's automobile.
At the conclusion of the State's case appellant moved to exclude the evidence on the basis that the State had not presented a prima facie case. He also renewed his earlier motion to suppress the evidence found in appellant's vehicle as the product of an illegal search. Both motions were denied and the defense rested.

I
Appellant contends that his motion to suppress should have been granted because the warrantless search of his vehicle was unlawful.
We hold that the search was permissible under either the probable cause plus exigent circumstances exception to the warrant requirement, see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Minnifield v. State, Ala.Cr.App., 390 So.2d 1146, cert. denied, Ala., 390 So.2d 1154 (1980), or by virtue of the inventory after impoundment search exception to the warrant requirements, see South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Wilkinson v. State, Ala.Cr.App., 374 So.2d 396, cert. denied, Ala., 374 So.2d 400 (1979).
Under the first exception to the warrant requirement noted above, probable cause exists whenever all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed. Hatton v. State, Ala.Cr.App., 359 So.2d 822, cert. quashed, Ala., 359 So.2d 832 (1977). There is no litmus paper test for determining whether probable cause for a warrantless search exists; each case must be determined on its own facts. Hatton v. State, supra.
The "probabilities" implied by the term "probable cause" are not technical; they are the factual and practical consideration of everyday life on which reasonable and prudent men, not legal technicians, act. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).
In the case before us, the cumulative effect of the following factors would have provided probable cause for Deputy Richardson to have conducted an immediate search of the vehicle:
*873 (1) As Richardson started to follow the car it sped up and ran a stop sign in order to elude the deputy;
(2) The driver tried to hide in a private drive by turning off the motor and the headlights at 2:00 A.M.;
(3) The driver jumped from the car, ran away, and refused to halt on Richardson's instructions;
(4) The appellant had a rifle hidden between his legs.
Exigent circumstances are present whenever the object to be searched is mobile such as an automobile. Reid v. State, Ala., 388 So.2d 208 (1979); Spencer v. Town of Gordo, Ala.Cr.App., 389 So.2d 182 (1980).
Although the vehicle was not searched when it was stopped by Deputy Richardson, but was impounded, it is our judgment that a search at that time would have been justified because probable cause coupled with exigent circumstances was present.
Once the driver of the vehicle escaped and it became apparent to Deputy Richardson that appellant was intoxicated and in no condition to drive, the reasonable course was to impound the vehicle. Impoundment is proper if it is pursuant to routine police practice, is reasonable under the circumstances, or there is no reasonable alternative, see Annot., 48 A.L.R.3d 537 (1973); Rivera v. State, 373 So.2d 64 (Fla. App.1979). Here, the deputy would not have been justified in leaving the automobile in the control of an incoherent passenger-owner, see Re One 1965 Econoline, 109 Ariz. 433, 511 P.2d 168 (1979), and his alternative would have been to allow the vehicle to block a private driveway and, perhaps, be driven off later by an escaped driver. Under the circumstances, it is our judgment that impounding and towing the car to the Sheriff's Department was reasonable and proper. The later inventory of its contents was also constitutionally permissible. See South Dakota v. Opperman, supra; Wilkinson v. State, supra. Appellant's motion to suppress was, therefore, correctly overruled.

II
Appellant claims the trial court erred when it did not grant his request to conduct a hearing on the motion to suppress outside the presence of the jury.
Generally, it is reversible error to deny a defendant a hearing, outside the presence of the jury, on his motion to suppress evidence, Davis v. State, Ala.Cr.App., 368 So.2d 880, cert. denied, Ala., 368 So.2d 882 (1979). However, the reason for the rule requiring a voir dire hearing is so that the jury will not be prejudiced by hearing evidence that is subsequently ruled inadmissible. See Allen v. State, Ala.Cr.App., 376 So.2d 826 (1979). While we do not condone the failure to allow testimony on a motion to suppress to be taken outside the jury's presence, our holding that the fruits of the search were properly admissible against the appellant renders the error harmless. See A.R.A.P. 45.

III
Appellant maintains that his motion to exclude the evidence should have been granted because the State did not prove he knew the goods were stolen.
In our judgment, the evidence was sufficient to establish appellant's guilty knowledge. Appellant was the owner-passenger of the vehicle in which the recently stolen goods were found. Under these circumstances, appellant's scienter could be inferred as a matter of fact, Waters v. State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ala., 360 So.2d 367 (1978), and the jury had evidence before it which authorized its verdict. See Stamps v. State, Ala.Cr.App., 380 So.2d 406 (1980).
We have searched the record and have found no error prejudicial to the appellant; the judgments of conviction of the Lauderdale Circuit Court are therefore affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON and BOWEN, JJ., concur.
BOOKOUT, J., concurring specially.
*874 BOOKOUT, Judge, concurring specially:
I concur in that portion of the opinion holding that the inventory search was legal. However, I do not agree that probable cause coexistent with exigent circumstances also validated the warrantless search. Exigent circumstances ceased to exist when the automobile was impounded.