McMILLAN, Judge.
This appeal follows a conviction for possession of marijuana in violation of § 20-2-70(a), Code of Alabama (1975), and a sentence of two years and six months’ imprisonment. For the reasons outlined below, the trial court’s decision is due to be reversed.
On April 27, 1984, Officer Donald Valen-za of the Houston County Sheriff’s Department arrested appellant pursuant to a warrant sworn out by appellant’s ex-wife for non-support. Appellant and his present wife had arrived at the ex-wife’s home in a Dodge van, whereupon Officer Yalenza observed the appellant emerge from the van with a can of untaxed beer. According to Officer Valenza’s testimony, his observation of the untaxed beer in the appellant’s possession led him to believe that the van might contain other prohibited beverages. At police headquarters, he asked the appellant for permission to search the van. Either the appellant or his present wife initially objected, but subsequently agreed to the search when Officer Valenza indicated that he could obtain a search warrant. Both appellant and his wife then executed a consent form allowing the police to search the van. As a result of the search, the officers found non-taxed alcoholic beverages, a tin box containing a residue of marijuana, and marijuana cigarettes or “roaches” in a cigarette pack in the console. The appellant admitted that the marijuana belonged to him.
The issues raised by this appeal concern the validity of the consent to search the van. First, the appellant contends that the consent given by himself and his wife was coerced and not voluntary. Second, he argues that because the consent was involuntary, and there was no search warrant, the arresting officer must have had probable cause together with exigent circumstances necessitating the search in order to proceed with it; appellant alleges that the officers had neither. Last, appellant claims that even if the consent was not coerced, it was limited to a search for those items for which the officers could have obtained a warrant. Following the appellant’s three-staged contentions, we will consider the validity of each issue in sequence.
I.
“[A]ll searches without a warrant are deemed ‘per se unreasonable’ unless they fall within certain recognized exceptions to the warrant requirement.” Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985), quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967). There are several recognized *720 exceptions to the requirement of a search warrant, namely: (1) consent, (2) exigent circumstances together with probable cause, (3) plain view, (4) incident to a lawful arrest, (5) stop and frisk, and (6) hot pursuit in emergency situations. Ex parte Hilley, supra, at 488; Dale v. State, 466 So.2d 196 (Ala.Cr.App.1985) at 198-199 (also includes [7] inventory search as an exception). Thus, if the appellant’s consent was voluntary and valid, it will constitute an exception to the requirement that there should have been a warrant issued to permit the search. However, the consent given by the appellant and his wife was, in fact, coerced. The consent form was signed after Officer Valenza stated that he could get a search warrant.
“When relying on consent to justify a search, the burden is on the State to show that the consent was freely and voluntarily given.” Hollander v. State, 418 So.2d 970, 972 (Ala.Cr.App.1982), citing Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). The State argues that “[t]he trial court is in the best position to determine the voluntariness of the consent, Scott v. State, 409 So.2d 978 (Ala.Cr.App.1981), and is to make this determination from the totality of the circumstances involved. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).” Hollander, supra, at 972. In Scott, although the evidence on the consent theory was sharply in conflict, the trial court, through its careful evaluation of the facts and circumstances, as mandated by Schneckloth, concluded that the defendant consented rather than submitted to “intimidation factors.” Ibid, at 981. In Hollander, supra, this court upheld the trial court’s “totality of the circumstances” analysis in determining that consent was voluntary where the appellant alleged differently because he was not reread his Miranda rights prior to the search. He had already been advised of these rights and “signed a waiver of [them]. He was informed of the object of the search before he consented. No threats or promises were made to appellant, nor was he told that he had to consent. In fact, the consent to search form read to and signed by appellant stated that he had the right to refuse to consent to the search.” Hollander, supra, at 972. The above are all factors to be considered by the trial judge. The appellant in the case at bar alleges that his consent was involuntary because he was in custody and the arresting officer stated that he could get a warrant. However, custody is only a consideration “ ‘ ... in the overall judgment,’ [and] ‘not to be given controlling significance.’ ” United States v. Smith, 543 F.2d 1141, 1146 (5th Cir.1976), quoting United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).
As in the instant case, a special problem and consideration in evaluating circumstances in a consent case becomes especially apparent where the appellant was in custody at the time of consent: the problem of determining whether the individual was consenting or, in fact, submitting to the search. “ ‘ “We must, we find, be guided by the holding in Bumper that a consent which is actually simple acquiescence to lawful authority is not voluntary and, when the defendant is in custody, by the concern expressed in Schneckloth that ‘in examining all the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents.’ ” ’ ” Gass v. State, 372 So.2d 904, 907 (Ala.Cr.App.1979), quoting Herriott v. State, 337 So.2d 165 (Ala.Cr.App.1976), cert. denied, 337 So.2d 171 (Ala.1976). This court has addressed a case involving the consent issue surrounded by circumstances indentical to the present case in that “the purported consent was obtained after the officer expressed to the accused some reference to an alternative of procuring a search warrant.” Whitener v. State, 390 So.2d 1136, 1142 (Ala.Cr.App.1980). Following the logic of the United States Supreme Court in Bumper v. North Carolina, supra, this court, per Judge Clark, has indicated that “when an officer obtains the consent of an accused to *721 a search of his person or property solely by reason of his representation to him that he will obtain a search warrant, such consent is not voluntarily and freely given unless a warrant can be issued based upon probable cause.” Whitener, supra, at 1143. Thus, the appellant’s consent was not voluntary; however, consent is not required to conduct a warrantless search if there was probable cause to justify the search.
II.
There was probable cause for the warrantless search of appellant’s van. Under the probable cause plus exigent circumstances exception to the warrant requirement, “ ‘[ejxigent circumstances exist whenever an object to be searched is mobile or moveable, such as an automobile.’ ” Oliver v. State, 479 So.2d 1385, 1389 (Ala. Cr.App.1985), quoting Spencer v. Town of Gordo, 389 So.2d 182, 184 (Ala.Cr.App. 1980); Jones v. State, 407 So.2d 870, 873 (Ala.Cr.App.1981); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). However, “[t]he fact that an automobile is involved does not excuse the basic requirement that there be a full measure of probable cause in order to support a war-rantless search....” Vogel v. State, 426 So.2d 863, 873, (Ala.Cr.App.1980), affirmed, Ex parte Vogel, 426 So.2d 882 (Ala.1982). Further, “mere suspicion standing alone is never a sufficient basis for the finding of probable cause, [citations omitted], nor will an otherwise illegal search or seizure be made justifiable by what turns up. (Citations omitted.)” Ibid. at 874. This court has indicated that “... while the probable cause standard is ostensibly an objective one, we agree that ‘actions and things observed by an experienced law enforcement officer may have more significance to him in determining whether the law is being violated at a given time and place than they would have to a layman.’ [Citation omitted.]” Ibid. at 875. “Furthermore, an officer may in all situa tions assess the facts in light of his experience. Terry v. Ohio, [392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)].” Smith v. State, 472 So.2d 677, 682 (Ala.Cr.App.1984). The United States Supreme Court adopted the traditional “totality of circumstances” approach to probable cause in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). “ ‘The process does not deal with hard certainties, but with probabilities.’ ” Dale v. State, 466 So.2d 196, 199 (Ala.Cr.App.1985), quoting Illinois v. Gates, supra. “The ‘probabilities’ implied by the term ‘probable cause’ are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).” Jones v. State, 407 So.2d 870, 872 (Ala.Cr.App.1981).
“In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. Terry v. Ohio.... The appropriate question to ask is ‘ ... [W]ould the facts available to the officer at the moment of the seizure or the search “warrant a man of reasonable caution in the belief” that the action taken was appropriate?’ Terry v. Ohio ...; Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973).” Sterling v. State, 421 So.2d 1375, 1379 (Ala.Cr.App.1982).
Thus-probable cause is derived from common sense practicalities weighed and evaluated by a police officer’s special experience and knowledge.
“Beginning with the decision in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924), the Supreme Court has defined an exception to the Fourth Amendment for automobile searches. The legality of a warrantless automobile search is based on the existence of probable cause to believe that the automobile is carrying contraband subject to forfeiture under the law, and the difficulties of securing a moveable vehicle while a warrant is obtained. It is the suspected contraband on which this analysis focuses and for which this type of warrantless search and seizure is al *722 lowed [Citation omitted].” United-States v. Thomas, 536 F.Supp. 736, 742 (M.D.Ala.1982); Dale v. State, supra; Oliver v. State, 479 So.2d 1385, 1388 (Ala.Cr.App.1985).
Because Officer Valenza observed the appellant emerge from the van with an untaxed alcoholic beverage and, based on his experience as a police officer, believed that there was a definite probability that there was more such contraband in the van, there was probable cause to search the vehicle. Further, the warrantless search was valid despite the fact that there was no evidence that the appellant would remove the van from this jurisdiction or that the evidence would be destroyed before a warrant could be secured. “When probable cause to search exists, it makes no difference if an immediate search of the automobile is conducted or if the automobile is impounded, and a warrant is later obtained.” (Citation omitted). Dale v. State, supra, at 200.
III.
The search should have been limited to possible locations of the untaxed beer, regardless of the scope of the consent given by the appellant. “[T]he permissible scope [of a search for contraband] is defined by the object of the search and the places in which there is probable cause to believe that the contraband may be concealed.” (Citation omitted). Sterling v. State, 421 So.2d 1375, 1382 (Ala.Cr.App.1982). “Seizable items which inadvertently come into view of the officer lawfully searching in connection with another crime, or who otherwise has a right to be where he is, may be retained and used in prosecution of the crime to which they relate if the officer is already in the constitutionally protected area. Sheppard v. State, 49 Ala.App. 674, 275 So.2d 353; Lucy v. State, 46 Ala.App. 484, 243 So.2d 756; Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067.” Dannelley v. State, 397 So.2d 555, 567-68 (Ala.Cr.App.), cert. denied, 397 So.2d 577 (Ala.1981), cert. denied, 454 U.S. 856, 102 S.Ct. 305, 70 L.Ed.2d 151 (1981). However, although the officer was in the course of conducting a lawful search, the marijuana did not inadvertently come into his view. The marijuana was found in a small box twelve to fourteen inches tall and inside a cigarette pack; the untaxed beer could not possibly have been concealed in either container. “Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a war-rantless search of a suitcase. Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab.” United States v. Ross, 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). Therefore, the search conducted exceeded its permissible scope and the marijuana should be suppressed.
The appellant further contends that his consent limited the scope of the search. “When a search is properly authorized by consent, its scope is governed by the terms of its authorization.” Ex parte Hilley, 484 So.2d 485, 491 (Ala.1985). However, this issue has no bearing on this case because we have already determined that the appellant's consent was involuntary; therefore, we will not address the appellant’s contention that his consent was limited.
REVERSED AND REMANDED.
All the Judges concur.