TYSON, Judge.
Charlotte Grotjan was charged in two indictments with attempted murder in violation of §§ 13A-6-2, 13A-4-2, Code of Alabama 1975 and first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” on each charge and she was sentenced to 20 years’ imprisonment on each charge, such to be served concurrently.
I
The appellant contends that her motion to suppress, based on an “illegal search and seizure”, was improperly denied by the trial court.
At the suppression hearing, Officer Willie Edward Estes, an investigator with the Mobile County Sheriff's Department, testified that he investigated a shooting and robbery on June 21, 1984, at Danny’s Auto Sales in Mobile County. One Marianne Calhoun was arrested on June 21, 1984 pursuant to this investigation. Calhoun gave a statement implicating this appellant in the incident. On June 22, 1984, this appellant was taken into custody having surrendered to the authorities.
On June 25, 1984, Estes talked to one Sue Russell, known to be friends with this appellant and Calhoun. Russell told Estes that on the afternoon of June 21, 1984, she picked up the appellant and Calhoun outside Danny’s Auto Sales shortly after the shooting had occurred. Russell was driving a Toyota automobile which was registered in the names of this appellant and Calhoun.
*1259 On June 26, 1984, Estes talked with Calhoun again and she gave a statement to him. In this statement, Calhoun told Estes that Russell had planned this robbery. She also stated that Russell had supplied the gun used in the robbery and had also set off some firecrackers during the robbery in order to create a diversion and to cover the sound of the gun being fired. Estes then initiated a telephone conversation between Calhoun and Russell. He taped this conversation with the permission of Calhoun. Estes then procurred an arrest warrant for Russell and went to her place of employment, Bay Paper Company, and took her into custody.
Russell was taken to the Sheriff’s office, where Estes learned that this appellant was about to be released on bond. Estes and another officer then went back to Bay Paper Company to have this car that Russell was driving (the same car which was owned by Calhoun and appellant, and used in the robbery) impounded. Upon arrival at Bay Paper Company, they located the car in the parking lot and proceeded to search the vehicle. While they were searching this vehicle, the appellant arrived at the scene. Estes found a box of matches and small pieces of colored paper scattered on the floorboard and back seat of this car. He stated that this paper was from fireworks. Estes also stated that their investigation had uncovered small exploded fireworks behind Danny’s Auto Sales. Estes further stated that they did not know that this car was used in the commission of the crime until June 26,1984 and that he did not know if he could have gotten a search warrant for the car before the women were let out on bond.
Sue Russell testified that she had been driving this Toyota owned by Calhoun and the appellant for some time.
The appellant testified that she and Calhoun owned the Toyota and that she and Russell were the only ones with keys to the vehicle. She was released from custody some ten minutes after Russell had been placed in jail. Upon her release she proceeded to Bay Paper Company to get her car.
The case sub judice involves a warrant-less search of an automobile used in the commission of a crime and the attempt to suppress evidence discovered as a result of the search. A number of exceptions to the Fourth Amendment’s warrant requirement exist, see Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973), however, the exigent circumstances coincidental with probable cause exception is dispositive of this cause.
“The ‘exigent circumstances coincidental with probable cause’ exception to the warrant requirement expressed in Carroll v. United States, supra [267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543], authorizes the warrantless search of a vehicle when the police initially have probable cause to believe that the vehicle contains contraband or evidence of a crime, and if exigent circumstances exist.” Oliver v. State, 479 So.2d 1385 (Ala.Crim.App.1985).
Since the search of the automobile must be supported by probable cause, we must determine, and do hold, that probable cause existed in this case. “Probable cause exists when the facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information are sufficient to cause the officers to conscientiously entertain a strong suspicion that the object of the search is in the particular place to be searched.” Hatton v. State, 359 So.2d 822 (Ala.Crim.App.1977); Dale v. State, 466 So.2d 196 (Ala.Crim.App.1985); Sterling v. State, 421 So.2d 1375 (Ala.Crim.App.1982).
“As this court has stated previously, the inherent mobility of automobiles often makes it difficult to obtain a warrant before an automobile is removed from the jurisdiction. Sterling v. State, 421 So.2d 1375 (Ala.Cr.App.1982), and authorities cited.” Dale, supra at 200.
“ ‘Exigent circumstances exist whenever an object to be searched is mobile or moveable, such as an automobile.’ Spencer v. Town of Gordo, 389 So.2d 182, 184 (Ala.Crim.App.1980); see also, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 *1260 L.Ed.2d 419 (1970); Etheridge v. State, 414 So.2d 157 (Ala.Crim.App.1982); Rickman v. State, 361 So.2d 28 (Ala.1978).” Oliver, supra at 1389.
In this cause there were sufficient facts and circumstances within the knowledge of the officer to warrant a reasonable person in believing that probable cause to search existed. An offense had been committed. The statement of Calhoun and the taped conversation between Russell and Calhoun confirmed that Russell had taken part in the shooting and robbery, using this car during the commission of the crime. The officers found out with short notice that the owner of this car (this appellant) was about to be released on bond.
“Even though there was no evidence that the appellant would remove the automobile from the jurisdiction or that evidence would be destroyed before a warrant was obtained, we uphold this warrantless search. When probable cause to search exists, it makes no difference if an immediate search of the automobile is conducted or if the automobile is impounded, and a warrant is later obtained. Sterling, supra.”
Dale v. State, supra at 200. See also Reid v. State, 388 So.2d 208 (Ala.1980); Oliver, supra.
A review of the record in this cause reveals no error injurious to the substantial rights of this appellant. The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.