546 So.2d 392 (1989)
STATE of Alabama
v.
Carlos Lamar HAMMAC and Wanda Nell Hammac.
1 Div. 879.
Court of Criminal Appeals of Alabama.
May 26, 1989.
*393 Don Siegelman, Atty. Gen., and Joseph G.L. Marston III, Asst. Atty. Gen., for appellant.
Edward Massey and James Lackey, Mobile, for appellees.
TYSON, Judge.
Carlos Lamar Hammac and Wanda Nell Hammac were indicted for possession of marijuana in violation of § 13A-12-213(a)(1), Code of Alabama 1975. The defendants' motion to suppress all evidence of marijuana obtained during a warrantless search of their vehicle and a consent search of their home was granted and the State filed this appeal. The State contends that the trial court erred in granting the motion. We agree.
The record of the suppression hearing indicates the following: Officer Christopher Berra of the Mobile Police Department taped a conversation between one of the defendants, Wanda Hammac, and a confidential informant. He overheard this conversation as it was being taped. Prior to the conversation, the informant told Officer Berra that Ms. Hammac would refer to marijuana as "big one." Berra testified that the informant asked Ms. Hammac if she would deliver a quarter of a pound of *394 marijuana to her and Ms. Hammac agreed to supply the marijuana. The transaction was to take place at the Hardee's on Highway 90 at a specified time. Officer Berra testified that the informant had provided reliable information in the past. Based on this information, a search warrant was issued for these defendants' residence.
After obtaining the warrant, the police department began a surveillance of the defendants' residence. Berra testified that he and three other officers set up their surveillance shortly before the time the delivery was supposed to be made. Berra stated that Officer Rick Brown, who was in the vehicle closest to the defendants' residence, observed the Hammacs leave the house in a pick-up truck. Berra and Corporal Eddie Carr, who were together in another vehicle, fell in behind the Hammacs. The defendants' vehicle was traveling in the direction of the Hardee's on Highway 90 at approximately the time referred to in the discussion between Ms. Hammac and the confidential informant.
The police stopped the vehicle by blocking the defendants' truck. There was also testimony that the officers probably drew their guns. Berra testified that, while attempting to stop the vehicle, he observed Ms. Hammac bend over into the floor board several times. He further testified that Officer Brown removed a bag from underneath the front seat which appeared to be marijuana. He stated that the location of the bag was consistent with Ms. Hammac's movements. Officer Brown could not recall the spot from which he removed the marijuana. Berra stated that they stopped the vehicle "to take the subjects back to the house and execute the search warrant, as well as take them over and the truck with the marijuana in it." (R. 34).
Berra testified that the defendants were advised of their constitutional rights and that the officers had a search warrant for their residence. He also showed the defendants the search warrant. Berra testified that Ms. Hammac stated that there was more marijuana at the house. He then told her that if she consented to the search, he would make it known to the district attorney's office that she and her husband had cooperated. Officer Eddie Carr drove Ms. Hammac back to the residence. He testified that he asked her if she would sign a consent form and she agreed to do so. She signed the consent form after they arrived at the house. Berra testified that Ms. Hammac brought them marijuana which she had in the linen closet of the bathroom connected to the master bedroom.
The consent search of the residence and the warrantless search of the vehicle will be discussed separately below.

I
The State contends that the trial court erred in finding that the State did not prove a valid consent to the search of the residence.
The record indicates that the trial court found the consent to be invalid because it was given after the police advised the defendants that they had a search warrant and after Officer Berra told Ms. Hammac that, if she consented to the search, he would advise the district attorney's office that she and her husband had cooperated.
"When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968). "[W]hether a consent to a search was in fact `voluntary' or was the product of coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047-48, 36 L.Ed.2d 854 (1972). See also Webb v. State, 500 So.2d 1280 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986). A consent is not voluntary if it is only given in submission to a claim of lawful authority. Bumper; Schneckloth. The State contends, however, that the defendants' consent was not involuntary in this case because a valid and legal search warrant existed. We agree.
Consent searches conducted after a law enforcement officer has referred to a search warrant have generally been held to *395 be involuntary in the following three situations: (1) when the defendants agreed to the search only after the police threatened to obtain a search warrant, White v. State, 495 So.2d 718 (Ala.Crim.App.1986); (2) when the defendants consented to the search only after they were shown a warrant which was valid on its face, but which was illegally obtained, Bull v. Armstrong, 254 Ala. 390, 48 So.2d 467 (1950); and (3) when the officers alleged that they had a valid consent and the State could not prove the existence of the warrant. Bumper; Agee v. State, 45 Ala.App. 203, 228 So.2d 30 (1969). None of these situations is applicable to the present case. A careful examination of the record reveals the existence of a valid search warrant which could have been legally executed without the defendants' consent.
We find the discussion in United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), in which the court considered the subject's acquiesence to a search authorized under the Gun Control Act, to be appropriate.
"Respondent's submission to lawful authority and his decision to step aside and permit the inspection rather than face a criminal prosecution is analogous to a householder's acquiesence in a search pursuant to a warrant when the alternative is a possible criminal prosecution for refusing entry or a forcible entry. In neither case does the lawfulness of the search depend on consent; in both, there is lawful authority independent of the will of the householder who might, other things being equal, prefer no search at all. In this context, Bumper v. North Carolina is inapposite, since there the police relied on a warrant that was never shown to be valid; because their demand for entry was not pursuant to lawful authority, the acquiesence of the householder was held an involuntary consent."
Biswell, 406 U.S. at 315, 92 S.Ct. at 1596 (emphasis in original).
In this case, the officers had the lawful authority to conduct a search. The consent was not given in submission to a threat to obtain a warrant or in response to a mere claim of lawful authority. We find that the consent given by the defendants after being advised of the existence of a lawful warrant was voluntary under the particular facts of this case.
We also find that Officer Berra's statement that he would advise the district attorney of the defendants' cooperation did not render the consent involuntary. See Crozier v. State, 465 So.2d 1190 (Ala.Crim. App.1984) (police officer's statement to defendant that he would tell the district attorney that the defendant had cooperated did not render subsequent confession involuntary); Rowland v. State, 460 So.2d 282 (Ala.Crim.App.1984); Williams v. State, 456 So.2d 852 (Ala.Crim.App.1984). The record reveals that Ms. Hammac admitted that there was more marijuana at her house before Officer Berra asked her if she would consent to the search or before he made any statement about advising the district attorney of such consent. This indicates that Ms. Hammac's will certainly was not overcome by Officer Berra's statements. See Williams. Furthermore, the consent was given after the defendants were advised of their Miranda rights. Although not dispositive on this issue, the fact that consent was given after the defendants were advised of their rights is highly relevant to a determination of the voluntariness of that consent. Bradley v. State, 494 So.2d 750 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986).
Although we recognize the well-settled principle that the trial court is in the best position to determine consent or the lack thereof, we find that the trial court erred in granting the defendants' motion to suppress the evidence obtained during the search of their residence.

II
The State contends that the trial court erred in granting the defendants' motion to suppress the marijuana found in the defendants' vehicle. The State argues that the trial court erred in finding that the officers could have obtained a search warrant for the car at the time they obtained the warrant *396 for the residence and, therefore, there were no exigent circumstances.
"[P]robable cause exists whenever all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed." Jones v. State, 407 So.2d 870, 872 (Ala.Crim.App.1981). The record reveals that the defendants were planning to make a drug transaction at a specified time and place. The police certainly had probable cause when they saw the defendants leave their house at approximately the prescribed time and begin traveling in the direction of the specified location for the transaction. Furthermore, exigent circumstances arise whenever the object to be searched is mobile or moveable, as in the case of an automobile. Oliver v. State, 479 So.2d 1385 (Ala.Crim.App.1985); Jones. Exigent circumstances arose when the defendants left their home in a vehicle in the direction of and at the time of the planned transaction. See Rickman v. State, 361 So.2d 28 (Ala.1978). Without discussing the existence or non-existence of probable cause at the time the residence warrant was issued, we point out that the Fourth Amendment only prohibits unreasonable searches and seizures. See Sterling v. State, 421 So.2d 1375 (Ala. Crim.App.1982). "The reasonableness of the search and seizure must be examined rather than the reasonableness of the opportunity to procure a warrant." Sterling at 1379; South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). "It is appropriate to note that the Constitution does not say that the right of the people to be secure in their persons should not be violated without a search warrant if it is practicable for the officers to procure one." United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). In Kidd v. State, 398 So.2d 349 (Ala.Crim.App.), cert. denied, 398 So.2d 353 (Ala.1981), overruled on other grounds, this court held that despite the fact that the police officer had probable cause to obtain a search warrant and failed to obtain one, he was not prevented from setting up a surveillance of the subject and conducting a warrantless search when exigent circumstances arose.
Considering the particular facts and circumstances of this case, we find that the police were not required to procure a search warrant for the vehicle in order to conduct a lawful search. See Rickman. The officers could not be sure when the defendants would make the transaction or in which vehicle they would transport the marijuana. When the defendants began traveling toward the prescribed location for the transaction at the prescribed time, there was probable cause plus exigent circumstances for conducting a warrantless search. Therefore, the trial court erred in granting the defendants' motion to suppress the evidence obtained in the vehicle search.
For the reasons stated above, this cause is due to be and is, hereby, reversed and remanded for a trial.
REVERSED AND REMANDED FOR TRIAL.
All the Judges concur; BOWEN, J., in result only with opinion, in which McMILLAN, J., joins.
BOWEN, Judge, concurring in result only.
I agree with the majority that the trial court erred in granting the defendant's motion to suppress. However, I disagree with the reasoning employed in reaching that result.
The question of whether the State proved that the consent to search the residence was voluntary is immaterial in this case because the search was conducted pursuant to a valid warrant. In fact, the voluntariness of the consent is highly questionable in light of our Supreme Court's holding in Ex parte Weeks, 531 So.2d 643 (Ala. 1988), that an officer's promise to a suspect that if he confessed he would "speak to the *397 district attorney" amounted to an improper inducement rendering the subsequent confession involuntary.
In my opinion, the search of the vehicle was based on probable cause and exigent circumstances.
For these reasons, I would reverse the order of the circuit court granting the defendant's motion to suppress. *702