This is an appeal by the state from an order of the circuit court suppressing cocaine seized in a warrantless search of defendant Kenneth Ray Kyles's automobile. See A.R.Crim.P.Temp. 14. This ruling was pursuant to Kyles's motion to suppress which had been filed on March 21, 1989, after Kyles's indictment for trafficking on March 13, 1989. The hearing on this motion was held on February 28, 1990, and the court ruled on March 2, 1990.
The prosecution's evidence at the suppression hearing was as follows: Around 1:30 a.m., on October 26, 1988, Kyles was stopped by State Trooper William Eller on Interstate Highway 65, south of Montgomery, for traveling 70 miles per hour when the speed limit was 65 miles per hour. Kyles was driving a Lincoln automobile with Texas license plates. Upon checking, the trooper found that Kyles's drivers license was valid and that the automobile belonged to a rental agency in Houston, Texas. Kyles possessed a valid rental agreement for the automobile. Eller gave him a warning ticket and told him he was free to leave. Eller and Trooper Ron Short, who had joined Eller, observed that Kyles was nervous and that he kept watching the rear or trunk of the Lincoln automobile. As Kyles was about to enter his automobile to leave, Short asked him for permission to search the automobile. Short testified that Kyles consented. Short obtained a written consent form from his patrol car and asked appellee to read and sign it. He refused. Short testified that he asked Kyles again if he would consent to a search even though he had refused to sign the consent form and that Kyles consented. Short asked Kyles for a key to the trunk of the automobile, and he stated that he did not have one. Short then asked for the ignition key, and Kyles gave it to Short. Short obtained a screwdriver from his patrol car, started the automobile engine, forced open the glove compartment with the screwdriver, pushed the trunk button in the compartment, and thereby opened the trunk. The officers discovered in the trunk 2 duffel bags, containing 200 pounds of marijuana. They also discovered a briefcase that contained the automobile trunk key, a pistol, and a small packet of marijuana. Appellee was arrested and charged with trafficking in marijuana in violation of § 20-2-80, Code of Alabama 1975.
Kyles testified that he did not consent to the search of his automobile.
In granting Kyles's motion to suppress, the court entered the following order:
 "A hearing was held on the defendant's motion to suppress. Every presumption is indulged against waiver by an accused against his rights, and consent is the waiver of such a right. Knox v. State, 42 Ala. App. 578, 582, 172 So.2d 787 (1964). Under the facts of this case, the court finds that the state failed to overcome the presumption that the defendant did not consent to a search of his automobile. Ordered, motion to suppress granted."
The state contends that this specific finding by the trial court indicates that the court held the prosecution to a higher burden of proof than is required by law.
For some years, there has been much confusing use of the two approaches — "voluntariness" and "waiver of right" — in determining whether a search was permissible pursuant to the accused's alleged consent. See 3 W. LaFave, Search and Seizure *Page 1285 
§ 8.1(a) (2d ed. 1987). The Alabama courts have frequently reviewed a consent-search situation by determining whether the accused had acted voluntarily and whether his Fourth Amendment rights had actually been waived. See, e.g., Lott v. State,456 So.2d 857, 859 (Ala.Cr.App.), cert. denied, 456 So.2d 857
(Ala. 1984) (wherein the court, in quoting C. Gamble, McElroy'sAlabama Evidence § 334.01(3)(b) (3d ed. 1977), stated that "a consent to an illegal search is a waiver of the constitutional protection from unreasonable searches and seizures"); Hall v.State, 399 So.2d 348, 353 (Ala.Cr.App. 1981) (wherein the court noted that "[c]lear and convincing evidence of waiver is required, and the burden of proving waiver is on the State as the party claiming it"); Murray v. State, 396 So.2d 125, 129
(Ala.Cr.App. 1980), cert. denied, 396 So.2d 132 (Ala. 1981);Minnifield v. State, 390 So.2d 1146, 1152 (Ala.Cr.App.), cert. denied, 390 So.2d 1154 (Ala. 1980); Reid v. State,388 So.2d 202, 206-07 (Ala.Cr.App. 1979), rev'd on other grounds,388 So.2d 208 (Ala. 1980) (wherein the court noted, in discussing a consent search, that every presumption will be indulged against the accused's waiver of his constitutional right against unreasonable searches and seizures and that the prosecution "must prove that consent to search was evidenced by a statement or some overt act sufficient to indicate an intent to waive the constitutional right").
Waiver is "an intentional relinquishment or abandonment of a known right or privilege," Johnson v. Zerbst, 304 U.S. 458,464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).
 "Thus, if a consent search is a matter of waiver, then the consent would be effective only upon a showing that the individual who purportedly consented knew that he had a right to refuse consent. On the other hand, if voluntariness is the test then the question is whether the person made a free choice, which does not inevitably require such a showing."
W. LaFave, supra, at § 8.1(a). This dual approach was finally put to rest in Schneckloth v. Bustamonte, 412 U.S. 218,93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), where the Supreme Court rejected the "waiver" approach to consent searches.
By using the language of the "waiver" standard, the trial court in this case appears to be indicating that it considered that an essential part of the prosecutor's burden of proof was to prove that Kyles knew, at the time of his alleged consent, that he had the right to refuse consent. We consider that, out of an abundance of caution, a proper disposal of this cause would be better served by remanding it to the trial court for the trial court to reconsider the facts under the "voluntariness" approach of Schneckloth v. Bustamonte. Due return shall be made to this court within 30 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.