The appellant was indicted on two counts of violating the Alabama Uniform Controlled Substances Act: the first count charged the unlawful possession of 1.176 grams of powder containing cocaine and the second count charged the unlawful possession of 1.31 grams of marijuana. Subsequently, the appellant was indicted for the possession of a weapon following the conviction of a crime of violence, in violation of §13A-11-72(a), Code of Alabama (1975). He was found guilty of the unlawful possession of cocaine as charged in the first count and of unlawfully possessing a pistol or having under his control a pistol after having previously been convicted of a felony. The jury found the appellant not guilty of the unlawful possession of marijuana. He was sentenced to 15 years' imprisonment on the possession of cocaine *Page 120 
conviction and 22 years' imprisonment on the possession of a pistol conviction; the sentences to run concurrently.
 I
The appellant argues that the indictment under which he was convicted was invalid, because, he says, it failed to conform with § 15-8-3, Code of Alabama (1975), in that the indictments failed to state in the caption the time when the indictment was preferred. He further argues that the court did not, therefore, have proper jurisdiction. The appellant cites Goodloe v. State,60 Ala. 93 (1877), which stated that the caption is an essential part of every indictment and must be affirmatively shown by the record. He further quotes from Flanigan v. State,247 Ala. 642, 25 So.2d 685, 687 (1946), wherein it is stated:
 " 'Following the lead of the cases cited above, we feel it our duty to regard the question as settled in this State, that a caption, such as is described in Reeves v. State [20 Ala. 33], is an essential of a good indictment; and when the question comes before us on appeal, if the record
does not contain such caption, it is a fatal error.' " (Emphasis added in Flanigan.)
Id., quoting Goodloe v. State, supra, at 95.
However, according to Rule 15.2(d), Alabama Temporary Rules of Criminal Procedure:
 "An indictment or information which is in conformity with section (a) and (b) shall be sufficient. The indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement of facts. . . ."
Furthermore, under the comment to section (d), it is stated that this section was "included as a safeguard against the longstanding commonlaw rules of pleading with which Alabama Criminal Procedure has been burdened. . . . This section supersedes § 15-8-3, Code 1975."
Therefore the indictment was not insufficient for failing to contain in the caption the time when it was preferred.
 II
The appellant argues that his rights were violated by the illegal search and seizure of the vehicle. He further asserts that the pistol and narcotics which were found in the vehicle should therefore have been suppressed. However, the warrantless search was proper as falling within the exception for probable cause coupled with exigent circumstances.
The record indicates that Deputy Anthony Richardson, of the Jefferson County Sheriff's Department, had obtained a search warrant for the house belonging to the appellant and his mother, based on information provided by a confidential informant. The informant had indicated that during the previous 24 hours he had seen narcotics belonging to the appellant in that house. After arriving at the house, Deputy Richardson decided to wait for the appellant or another occupant to arrive, before executing the warrant. He received a call on his beeper from the same confidential informant, informing him that the appellant was on E Street in Ensley, in a small blue vehicle with tinted windows, and had in his possession a blue tote bag containing narcotics. Deputy Reeves set up surveillance on the vehicle and observed the appellant and a female get in the automobile. The appellant drove a short distance and began talking to some individuals on the street. He then turned the car around and approached Deputy Richardson. Deputy Richardson, who was accompanied by another police officer, approached the appellant and asked if he was Maurice Perry. When he replied affirmatively, Deputy Richardson informed him that he had a search warrant. The appellant emerged from the car and was read his rights. The female was still in the car, so Deputy Richardson asked her to step outside. He looked inside the vehicle for any weapons, but found none. Deputy Richardson had obtained information from the tag of the vehicle, which indicated that it was registered to someone with the last name of Monahan; it had not been reported as stolen. The automobile belonged to the female passenger and had been purchased by her father. The female identified the automobile *Page 121 
as her own and asked that they not search it. However, the officer searched the entire inside of the vehicle and, in searching the trunk, discovered a blue tote bag. Inside the tote bag were two glass smoking pipes, a cocaine sifter, a black shaving kit containing white powder in a packet, white powder residue and paraphernalia, rubbing alcohol, a Barretta .32 caliber automatic pistol, a clip with seven shells, a holster, and papers belonging to the appellant. The white powder was determined to contain cocaine.
Sufficient probable cause was established by the information relayed to Deputy Richardson from the confidential informant, indicating that the appellant would have narcotics in the blue tote bag and describing the vehicle and its location. Deputy Richardson testified that the confidential informant had given him information in the past that had led to numerous arrests and convictions for other drug-related offenses. His information also provided the basis for the search warrant obtained for the appellant's house. Whether sufficient probable cause exists to justify a warrantless search and seizure is to be determined by applying the totality-of-the-circumstances analysis adopted in Illinois v. Gates, 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). However, an informant's veracity and basis of knowledge remain relevant in determining the reliability of his account and are relevant considerations in the totality-of-the-circumstances analysis. See Bishop v.State, 518 So.2d 829, 830-31 (Ala.Cr.App. 1987) ("Although the two-pronged test of Aguilar-Spinelli has been abandoned, it has not been forgotten"). The informant's tip was shown to have been reliable under these facts. Under the totality of the circumstances, probable cause existed to justify the officers' search of the appellant's tote bag found in the trunk of the vehicle.
Moreover, "[t]he law is clear that a warrantless search of an automobile is justified where there is probable cause to believe the vehicle contains contraband. C. Gamble,McElroy's Alabama Evidence, Section 334.01(7)(b) (3rd ed. 1977)." Lott v. State, 456 So.2d 857, 859-60 (Ala.Cr.App. 1984). "Exigent circumstances are present whenever the object to be searched is mobile such as an automobile." Jones v.State, 407 So.2d 870, 873 (Ala.Cr.App. 1981), and cases cited therein. Because the warrantless search was proper under the probable-cause-plus-exigent-circumstances exception, the pistol and narcotics were properly admitted into evidence.
 III
The appellant argues that a fatal variance existed between the indictment and the proof at trial, in that the indictment indicated that the unlawful possession occurred "while at or near 1516 Pike Road, Birmingham, Jefferson County, Alabama," while the cocaine, upon which his conviction was based, was found in the vehicle located on E Street in Ensley. The jury found the appellant not guilty of the possession of marijuana which was found in the house located on Pike Road. The record also indicates that .030 grams of white powder containing cocaine was found in a plastic bag at the residence.
The record does not indicate whether E Street in Ensley is "near 1516 Pike Road, Birmingham." Such an allegation of location is immaterial to the charge and, therefore, if any variance exists with the evidence, it is also immaterial. It is not necessary to state in an indictment the place where the offense is alleged to have been committed. See Rule 15.2(d), Alabama Temporary Rules of Criminal Procedure. A variance between an indictment and proof must be material in order to serve as the basis for overturning a conviction. Lyle v. State,497 So.2d 834 (Ala.Cr.App. 1986). "An indictment is sufficient which with definiteness states the constituents of the offense." Id. at 836, and cases cited therein. " 'A variance is not a material variance unless it misleads the accused or is substantially injurious to him in making his defense.' Phillipsv. State, 446 So.2d 57, 62 (Ala.Cr.App. 1983), cert. denied,467 U.S. 1254 [104 S.Ct. 3541, 82 L.Ed.2d 845], (1984)." Smithv. State, 518 So.2d 174, 177 (Ala.Cr.App. 1987) (wherein proof of the amount of damage to property alleged in the indictment varied from the amount proved at trial). See also Wisdom v.State, 515 So.2d 730, 732-33 (Ala.Cr.App. *Page 122 
1987) (wherein indictment charged a burglary involving the intent to commit rape; the jury acquitted the appellant of attempted rape; the proof however was sufficient to support the offense charged in the indictment).
No material variance exists between the offense as charged in the indictment and the proof as presented at trial.
 IV
The appellant argues that the prosecution failed to prove constructive possession by the appellant of the contraband found in the house. Initially, we note that the appellant was found not guilty of possession of the marijuana which was found at the residence; therefore, he suffered no prejudice as to that charge. As to the .030 grams of cocaine that was found in an upstairs bedroom in a dresser drawer at the residence, constructive possession was sufficiently proven. The record indicates that the upstairs bedroom belonged to the appellant. Deputy Richardson testified on cross-examination that although the inventory sheet did not state that the narcotics came from the appellant's bedroom, he knew that the appellant had stated that the upstairs bedroom was his own and that when he indicated he wished to get a shirt, he went to that room. Although the appellant's mother owned the residence, the State proved constructive possession of the cocaine through the appellant's external manifestations of intent and control over the items in the bedroom he identified as his own. SeeLockett v. State, 489 So.2d 653 (Ala.Cr.App. 1986), cert. denied, Lockett v. Alabama, 479 U.S. 850, 107 S.Ct. 177,93 L.Ed.2d 113 (1986) (possession sufficiently shown where appellant's wallet was found in pants which were located in bedroom in which the narcotics were discovered). Cf. McCray v.State, 501 So.2d 532 (Ala.Cr.App. 1986).
AFFIRMED.
All the Judges concur.