709 So.2d 1335 (1997)
Beasley LYKES, Jr.
v.
STATE.
CR-96-0438.
Court of Criminal Appeals of Alabama.
August 22, 1997.
Rehearing Denied October 17, 1997.
Certiorari Denied January 23, 1998.
*1336 William T. Denson, Goodwater, for appellant.
Bill Pryor, atty gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
Alabama Supreme Court 1970175.
BASCHAB, Judge.
The appellant, Beasley Lykes, Jr., was convicted of possession of cocaine and was sentenced to serve ten years in prison. He raises three issues on appeal. However, because we reverse, we need address only the issue regarding the search of the appellant's vehicle.
The evidence indicated that the appellant illegally parked the truck he was driving in a "No Parking" zone in front of the Goodwater Police Department in such a way that it was partially in the street and was obstructing traffic. The appellant then entered the police department, where he was detained by the police for reasons unrelated to the parking violation. The officers noted that the truck was obstructing the traffic and needed to be moved. Officer Charles Price moved the truck out of the street. In doing so, he noticed a shotgun behind the seat and a pistol in the floorboard of the driver's side of the truck. He also noticed a hump under the driver's side floor mat. He telephoned Darrell Armour, who worked for the Narcotics Division of the Alabama Alcoholic Beverage Control Board. Without obtaining a search warrant, Armour inspected the truck and found cocaine under the floor mat. The appellant moved to suppress any evidence found during the search of the truck, arguing that the search was illegal because it was performed without a search warrant and because it could not be justified based on exigent circumstances or any other exception to the search warrant requirement of the Fourth Amendment to the United States Constitution. The court denied the motion and admitted the cocaine into evidence.
It has long been the law that warrantless searches are per se unreasonable under the Fourth Amendment to the United States Constitution. Chevere v. State, 607 So.2d 361, 368 (Ala.Cr.App.1992). There are, however, a number of exceptions to the general warrant requirement. They are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. Chevere, 607 So.2d at 368; Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985). "Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception." Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.), cert. denied, 516 U.S. 944, 116 S.Ct. 382, 133 L.Ed.2d 305 (1995); Kinard v. State, 335 So.2d 924 (Ala.1976).
The "plain view" exception to the warrant requirement authorizes the warrantless seizure of personal property where the initial intrusion is lawful, the discovery of the property is inadvertent, and the incriminating nature of the property is immediately apparent. Williams v. State, 527 So.2d 764, 770 (Ala.Cr.App.1987). The initial intrusion in this case, which occurred when the officer moved the appellant's vehicle out of the path of traffic, was lawful because the officer had a duty to move the truck off the street in order to prevent a possible traffic hazard. § 32-5A-139, Code of Alabama 1975; Martin v. State, 529 So.2d 1032, 1033 (Ala.Cr. App.1988); Roberts v. State, 349 So.2d 89, 94 (Ala.Cr.App.), cert. denied, 349 So.2d 94 (Ala. 1977).
Because the cocaine was hidden under the truck's floor mat, it was not in plain view. Therefore, we must determine if Officer *1337 Armour's warrantless search of the vehicle falls within any other exception to the general warrant requirement. During voir dire examination of a witness outside the presence of the jury, one witness testified that the appellant initially gave the police permission to search the truck but then revoked that permission before the officers started the search. Therefore, the consent exception cannot apply. Because the appellant was inside the police station and anything inside the truck was outside of his immediate control, this clearly was not a stop and frisk situation or a situation involving hot pursuit. Likewise, the State offered no testimony that the search was conducted incident to a lawful arrest or pursuant to an inventory of the truck's contents.
The State never specifically stated which exception applied. However, an examination of the record suggests that the prosecutor was attempting to establish that the search was predicated on probable cause to search plus exigent circumstances. A warrantless search of a vehicle is justified where there is probable cause to believe the vehicle contains contraband. Perry v. State, 549 So.2d 119, 121 (Ala.Cr.App.1988), citing C. Gamble, McElroy's Alabama Evidence § 334.01(7)(b)(3d ed.1977). In Perry, we noted that "[e]xigent circumstances are present whenever the object to be searched is mobile such as an automobile." 549 So.2d at 121 (quoting Jones v. State, 407 So.2d 870 (Ala. Cr.App.1981)). During the hearing on the motion to suppress, which was conducted outside the presence of the jury, testimony was offered that Officer Armour had seen a pistol in the floorboard of the truck. During this testimony, the trial court inquired:
"... [W]hat made Mr. Lykes having a hand gun in his truck illegal? That's what I'm trying to figure out.... If the basis for his search was the ___ that it was an illegal gun, I need to know what makes it illegal. If it's illegal because it's concealed or it's illegal because it's a felon in possession, then I need to know that because if they don't jump through the hoops then I grant your Motion."
[R-67-68]. The State then elicited testimony concerning the appellant's prior felony conviction for selling a controlled substance. This conviction, the State maintained, prohibited the appellant from possessing a pistol and made the pistol contraband. The State offered no testimony to show that the appellant was in violation of the prohibition against carrying a concealed weapon, as provided for in § 13A-11-73, Code of Alabama (1975). Following this testimony, the trial court denied appellant's motion to suppress the cocaine. In this state, there is no per se prohibition against a convicted felon possessing a pistol or other handgun. Section 13A-11-72, Code of Alabama (1975), does enumerate generally the categories of persons forbidden to possess a pistol. This statute provides, in pertinent part, as follows:
"(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control.
"(b) No person who is a drug addict or an habitual drunkard shall own a pistol or have one in his or her possession or under his or her control."
For purposes of this statute, a crime of violence is any of the following crimes or an attempt to commit any of these crimes: murder, manslaughter [except vehicular manslaughter], rape, mayhem, assault with intent to murder, ravish, or rob, robbery, burglary, kidnapping, and larceny. § 13A-11-70(2), Code of Alabama (1975). The appellant's prior felony conviction, a controlled substance crime, is not included within this definition. Thus, contrary to the officer's belief, the appellant's mere possession of a pistol did not constitute evidence that a crime was being committed.
The search of the appellant's truck was illegal. Therefore, the admission of the cocaine into evidence at his trial was erroneous. Accordingly, the appellant's conviction is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All judges concur.
BROWN, J., concurs specially with opinion.
*1338 BROWN, Judge, concurring specially.
While I concur with the majority opinion that the appellant's conviction is due to be reversed based upon the illegal search of appellant's truck, I want to underscore that the proper disposition of this case is to remand it rather than to render a judgment for Lykes, even where, without the inadmissible evidence, there is insufficient evidence to support a conviction. Both this Court and the Alabama Supreme Court follow the rule of Burks v. United States, 437 U.S. 1, 14, 98 S.Ct. 2141, 2148-49, 57 L.Ed.2d 1 (1978). This rule provides that a defendant may be constitutionally retried where his or her conviction is set aside because of error in the proceedings as opposed to insufficiency of evidence of guilt. See, e.g., Ex parte Beverly, 497 So.2d 519, 525 (Ala.1986). As this Court stated in Fortier v. State, 564 So.2d 1041, 1042-43 (Ala.Crim.App.), cert. denied, 564 So.2d 1043 (Ala.1990):
"[T]he Double Jeopardy Clause allows a retrial where the reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against the defendant, even where the court also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. Lockhart v. Nelson, 488 U.S. 33, 40, 109 S.Ct. 285, 290, 102 L.Ed.2d 265 (1988)."
See also Zinn v. State, 527 So.2d 148, 150-51 (Ala.1988).
I would further note that today's holding should not be interpreted as giving the prosecution a second chance to supply evidence concerning the legality of the search that it failed to provide during the first trialthat is, "a second bite of the apple." See Ex parte Hergott, 588 So.2d 911, 913-16 (Ala. 1991); Hull v. State, 607 So.2d 369, 374-382 (Ala.Crim.App.1992).