The State of Alabama appeals from the trial court's ruling granting a motion to suppress filed by Jerome Black. Rule 15.7, Ala. R.Crim. P. We reverse and remand for further proceedings.
Black was charged with first-degree possession of marijuana, § 13A-12-213, Ala. Code 1975. He filed a motion to suppress, arguing that, when the police officer discovered the marijuana inside a vinyl compact-disc holder in his vehicle, the officer had exceeded the limited scope of the consent to search the vehicle Black had given. Thus, he argued, the marijuana and the subsequent statements he made should be suppressed.
The trial court held a hearing on the motion to suppress. At that hearing, Sgt. Davis[1] of the Montgomery Police Department testified for the State. Sgt. Davis testified that, on January 26, 2003, he was a detective in the robbery/homicide unit and he went to a restaurant to investigate a shooting. When he arrived, Black was in the backseat of a patrol car, and the officers had a weapon they had apparently taken from Black.[2] Sgt. Davis asked Black if he had a pistol permit, and Black told him that he did and that the permit was above the driver's side visor in his *Page 1179 
vehicle. Sgt. Davis testified that he asked Black for permission to enter the vehicle to retrieve the pistol permit. Black agreed to allow Sgt. Davis to go into his vehicle to get the permit. Sgt. Davis obtained the vehicle's keys from Black's girlfriend.
As soon as he unlocked the vehicle's door, Sgt. Davis testified, he immediately detected the odor of marijuana. Sgt. Davis testified that he had been employed with the police department since 1994 and that he was familiar with the odor of marijuana. Sgt. Davis stated that he observed a vinyl bag for storing compact discs sticking out from under the driver's seat. He smelled the bag and identified the odor of marijuana coming from inside, so he opened it. Inside the bag were 20 small baggies of what Sgt. Davis believed to be marijuana. Sgt. Davis testified that he had to look for the pistol permit because it was not behind the visor; he located the permit on the driver's side floorboard, within a foot of where he had seen the vinyl bag.
The trial court then stated that the police should have obtained a search warrant before opening the vinyl bag. The parties presented the court with caselaw from the United States Supreme Court for their respective positions, but the trial court stated that it wanted caselaw from Alabama and that none yet existed. The court determined that the search had exceeded the scope of the consent and that the officer should have obtained a warrant, and it granted the motion to suppress. This appeal follows.
On appeal, the State argues that the police officer had consent to enter Black's vehicle to retrieve a pistol permit and that, once he opened the vehicle, the strong odor of marijuana from within the vehicle — specifically from the vinyl case — provided him with probable cause to open the case without obtaining a search warrant. We agree.
First, we note that we apply a de novo standard of review here because the trial court's ruling was based on its application of the law to undisputed facts. E.g., Ex parteJackson, 886 So.2d 155, 159 (Ala. 2004).
The Fourth Amendment to the United States Constitution provides:
 "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
Although warrantless searches are presumptively unreasonable, the Supreme Court has also recognized numerous exceptions to the rule prohibiting warrantless searches. One of the exceptions is the "automobile exception," and it is based on the inherent mobility of an automobile. See United Statesv. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572
(1982) (reviewing development of the exception). The United States Supreme Court has consistently relied on the automobile exception. In Ross, the Court also noted, "an individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." 456 U.S. at 823,102 S.Ct. 2157. In Pennsylvania v. Labron,518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam), the Supreme Court again recognized the automobile exception and stated, "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Page 1180 
In Maryland v. Dyson, 527 U.S. 465, 466-67,119 S.Ct. 2013, 144 L.Ed.2d 442 (1999), the Supreme Court yet again discussed the automobile exception:
 "The Fourth Amendment generally requires police to secure a warrant before conducting a search. California v. Carney, 471 U.S. 386, 390-391
(1985). As we recognized nearly 75 years ago in Carroll v. United States, 267 U.S. 132
(1925), there is an exception to this requirement for searches of vehicles. And under our established precedent, the `automobile exception' has no separate exigency requirement. We made this clear in United States v. Ross, 456 U.S. 798 (1982), when we said that in cases where there was probable cause to search a vehicle `a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.' (Emphasis added.) In a case with virtually identical facts to this one (even down to the bag of cocaine in the trunk of the car), Pennsylvania v. Labron, 518 U.S. 938 (1996) (per curiam), we repeated that the automobile exception does not have a separate exigency requirement: `If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.' Id., at 940.
 "In this case, the Court of Special Appeals found that there was `abundant probable cause' that the car contained contraband. This finding alone satisfies the automobile exception to the Fourth Amendment's warrant requirement, a conclusion correctly reached by the trial court when it denied respondent's motion to suppress."
This Court recently considered a challenge to the warrantless search of a vehicle based on police officers' belief that the vehicle contained contraband. Harris v. State,948 So.2d 583 (Ala.Crim.App. 2006). In Harris, after quoting extensively from California v. Carney,471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), andMaryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013,144 L.Ed.2d 442 (1999), we stated: "No additional exigent circumstances are required for the warrantless search of a vehicle; probable cause alone is sufficient to bring a search within the automobile exception." 948 So.2d at 590.
Probable cause exists when the facts and circumstances known to the officer are sufficient to warrant a person of reasonable caution to conclude that contraband will likely be found in the place to be searched. There is no question that, in the case before us, probable cause existed. The officer testified that, as soon as he opened the door of Black's car, he detected a strong odor of marijuana. The trial court stated:
 "In this case we've got time to get a warrant. Yes, we know dope is in there. We smell it. No big deal. We had time to go and stop and get a warrant. If it was something like it's going to be destroyed or there's exigent circumstances, you know, a reason why we had to go right in there at that time, I could see that. But I think we needed to get a warrant."
(R. 18-19.) Thus the trial court clearly recognized that Sgt. Davis had probable cause, but did not understand that proof of exigent circumstances was not also required. Because the officer, acting with Black's consent, opened the car door and immediately detected the odor of marijuana, the officer was then authorized to conduct a warrantless search of the interior of the vehicle and to open the vinyl case from which the strong odor emanated.
The trial court erred when it granted the motion to suppress. We reverse that *Page 1181 
order and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] No first name for Sgt. Davis is included in the record.
[2] The record suggests that Black was employed as a security guard at the restaurant. (R. 11.)