KELLUM, Judge.
 

 Cheno Kentaruas White was arrested and charged with unlawful possession of marijuana in the second degree, a violation of § 13A-12-214, Ala.Code 1975. White filed a pretrial motion to suppress evidence seized as the result of an investigatory stop, namely a green leafy substance later determined to be marijuana and alleged statements or admissions made by White in connection with the illegal search of White’s vehicle. Following an evidentiary hearing, the trial court granted White’s motion to suppress. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s ruling.
 

 The evidence presented at the suppression hearing established the following: On the evening of April 6, 2008, Officer J.M. Butterbrodt of the Montgomery Police Department was working at a driver’s license checkpoint when he noticed a vehicle approaching the checkpoint. At that time, the vehicle was the only one approaching the checkpoint. Officer Butterbrodt testified that the driver, White, turned his vehicle around before the vehicle reached the checkpoint. Officer Butterbrodt proceeded to pull up behind the vehicle. White then turned into the driveway of an elderly female and jumped out of his vehicle. Officer Butterbrodt testified that when White jumped out of his vehicle he threw a “brown cigar” on the ground, which Officer Butterbrodt believed to be marijuana. Officer Butterbrodt explained that he then advised White to get back in his vehicle, and White complied with his request. Officer Butterbrodt testified that he suspected White was engaged in a criminal activity because he turned around and went the other way when he saw the checkpoint.
 

 On cross-examination, Officer Butter-brodt testified as follows:
 

 “Q: [DEFENSE COUNSEL]: — was there not a stop sign, a yield sign there where you could go left or right?
 

 “A: [OFFICER BUTTERBRODT]: That is correct. He was in the lane that
 
 *829
 
 turned towards the checkpoint and then looped around.
 

 [[Image here]]
 

 “THE COURT: Now, did he come through the checkpoint?
 

 “[OFFICER BUTTERBRODT]: No, sir. He turned before the checkpoint.”
 

 (R. 4-5.) Officer Butterbrodt testified that he typically stopped vehicles that turned around before getting to a checkpoint.
 

 On appeal, the State contends that the circuit court erred by granting White’s motion to suppress. “This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dispute. See
 
 State v. Hill,
 
 690 So.2d 1201, 1203 (Ala.1996);
 
 State v. Otwell,
 
 733 So.2d 950, 952 (Ala.Crim.App. 1999).” State
 
 v. Skaggs,
 
 903 So.2d 180, 181 (Ala.Crim.App.2004). In the instant case, the facts are uncontested; the only issue is the circuit court’s application of the law to those facts. In such a case, this Court affords no presumption in favor of the circuit court’s ruling.
 

 “The United States Supreme Court in
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that ‘a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.’ 392 U.S. at 22, 88 S.Ct. at 1880. The standard for allowing a
 
 Terry
 
 stop is whether there is a reasonable suspicion that ‘the person being stopped has engaged in some type of criminal activity.’
 
 Webb v. State,
 
 500 So.2d 1280, 1281 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986).”
 

 Ex parte Carpenter,
 
 592 So.2d 627, 629 (Ala.1991).
 

 “ ‘ “The officer [making a
 
 Terry
 
 stop] ... must be able to articulate something more than an ‘inchoate and unparticular-ized suspicion or “hunch.” ’
 
 [Terry,
 
 392 U.S.] at 27. The Fourth Amendment requires ‘some minimal level of objective justification’ for making the stop.
 
 INS v. Delgado,
 
 466 U.S. 210, 217 (1984). That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. We have held that probable cause means ‘a fair probability that contraband or evidence of a crime will be found,’
 
 [Illinois
 
 v.
 
 Gates,
 
 462 U.S. 213, 238 (1983) ] and the level of suspicion required for a
 
 Terry
 
 stop is obviously less demanding than for probable cause.” ’ ”
 

 State v. White,
 
 854 So.2d 636, 640 (Ala. Crim.App.2003), quoting
 
 Alabama v. White,
 
 496 U.S. 325, 328, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), quoting in turn
 
 United States v. Sokolow,
 
 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989).
 

 “In reviewing reasonable suspicion determinations, courts must look at the ‘ “totality of the circumstances” ’ to see whether the detaining officer had a ‘ “particularized and objective basis” ’ for suspecting wrongdoing.
 
 United States v. Arvizu,
 
 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), quoting
 
 United States v. Cortez,
 
 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). ‘This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that “might well elude an untrained person.” ’
 
 Arvizu,
 
 534 U.S. at 273, 122 S.Ct. 744 (quoting
 
 Cortez,
 
 449 U.S. at 418, 101 S.Ct. 690). A determination of probable cause should not be based on a ‘divide- and-conquer analysis’ but should consider a series of acts, each of which is ‘perhaps innocent in itself,’ together in
 
 *830
 
 determining whether they warrant further investigation.
 
 Terry v. Ohio,
 
 392 U.S. at 22, 88 S.Ct. 1868.”
 

 State v. Odom,
 
 872 So.2d 887, 890 (Ala. Crim.App.2003).
 

 In
 
 United States v. Cortez,
 
 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), the United States Supreme Court explained:
 

 “Courts have used a variety of terms to capture the elusive concept of what cause is sufficient to authorize police to stop a person. Terms like ‘articulable reasons’ and ‘founded suspicion’ are not self-defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. But the essence of all that has been written is that
 
 the totality of the circumstances— the whole picture
 
 — must
 
 be taken into account.
 
 Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. See, e.g.,
 
 Brown v. Texas,
 
 [443 U.S. 47, 51, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979) ];
 
 United States v. Brignoni-Ponce,
 
 [422 U.S. 873, 884, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) ].”
 

 449 U.S. 411, 417-18, 101 S.Ct. 690 (emphasis added).
 

 In this case, Officer Butterbrodt based his suspicion of criminal activity on the facts that White approached the checkpoint, turned around, and drove away. In
 
 Smith v. State,
 
 515 So.2d 149 (Ala.Crim. App.1987), this Court held that avoidance of a roadblock can, by itself, give rise to reasonable suspicion. In
 
 Smith,
 
 the defendant drove around a curve, came within sight of a roadblock, stopped, and quickly turned into a driveway. The defendant drove only partially into the driveway, turned off his headlights, and left the engine of the vehicle running. The state trooper manning the roadblock suspected that the defendant was attempting to avoid the roadblock. The state trooper drove his car to the driveway, parked it behind the defendant’s car, and questioned the defendant. The state trooper subsequently observed signs that the defendant was under the influence of alcohol. This Court held that the defendant’s suspicious behavior gave the state trooper reasonable suspicion to justify making the stop.
 
 Smith,
 
 515 So.2d at 151.
 

 In the instant ease, Officer Butterbrodt testified that White was in the lane approaching the checkpoint when he turned around and drove away. Officer Butter-brodt testified that no other vehicles were in front of White, thus eliminating the possible excuse that White turned to avoid any delay caused by the checkpoint. Under the facts of this case, Officer Butter-brodt was able to articulate a sufficiently particularized basis for a suspicion to justify an investigatory stop.
 
 United States v. Cortez,
 
 supra. Further, this Court, in
 
 Smith,
 
 recognized that a driver’s attempt to avoid a roadblock provided a basis for reasonable suspicion of criminal activity sufficient to conduct a
 
 Terry
 
 stop.
 

 Based on the foregoing, we reverse the order of the circuit court and remand this case for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.