WINDOM, Judge.
 

 The State of Alabama appeals the circuit court’s May 30, 2008 order granting Marvin Tobias Cowling’s “Motion to Suppress.” On January 26, 2007, the Montgomery County Grand Jury issued an indictment charging Cowling with one count of possession of marijuana for other than personal use, a violation of § 13A-12-213, Ala.Code 1975, and one count of possession of drug paraphernalia, a violation of § 13A-12-260, Ala.Code 1975.
 

 On April 10, 2007, Cowling filed a “Motion to Suppress,” in which he argued that the State’s evidence should be suppressed because such evidence was the fruit of an illegal search and seizure. After conducting an evidentiary hearing, the circuit court granted Cowling’s motion. However, the circuit court subsequently entered an order on April 30, 2007 denying Cowling’s motion. One year later, on April 30, 2008, Cowling filed a “Motion to Renew Motion to Suppress,” wherein he moved the circuit court to “clarify any ambiguity created with the original motion,” and suppress all evidence obtained by the police relating to his case. (C.R. 24.) After conducting a second hearing on May 30, 2008, the circuit court set aside its April 30, 2007 order and granted Cowling’s “Motion to Renew Motion to Suppress.” On June 3, 2008, the State of Alabama timely filed its notice of appeal.
 
 [1]
 

 The following facts were established during the suppression hearing. On August 6, 2006, Officer R.J. Harris, with the Montgomery Police Department, along with several additional officers, executed a search warrant on a duplex home located
 
 *719
 
 at 1112 Oak Street in Montgomery, Alabama (hereinafter “the duplex”). The search warrant was obtained based upon alleged alcohol violations occurring at the duplex. Officer Harris and her fellow officers were instructed that there would be drugs in the area and that anyone near the duplex should be interviewed. (R. 9.)
 

 Upon arriving at the duplex, the officers pulled into a grassy lot, used for parking, that adjoined the duplex. “[Djirt driveways” running through the grassy lot connected the backyard of the duplex to the street. (R. 13, 7.)
 

 As the officers drove onto the grassy lot, Cowling and several other men were standing around Cowling’s automobile. When the men noticed the officers approaching, Cowling and the other men got into Cowling’s vehicle. As the officers were parking and getting out of their vehicles, Cowling and the other men “got out and started running down Oak Street.” (R. 8.) Officer Harris and the other officers chased Cowling and the other individuals, eventually caught them, and brought them back to the lot in order to talk with them. Officer Harris testified that the individuals were not under arrest at that time, rather that the officers chased the individuals in order to “detain them to see why they’re running because it’s supposed to be drugs and alcohol at that residence.” (R. 15.)
 

 While the officers were questioning Cowling and the others in an attempt to determine why they ran, Officer Harris observed marijuana smoke emanating from the interior of Cowling’s car. After discovering the marijuana smoke, Office Harris searched Cowling’s vehicle and found a burning marijuana cigarette, digital scales, and ten ounces of prepackaged marijuana inside. Shortly thereafter, Cowling admitted that the ear and the items inside belonged to him. Based on this evidence, the circuit court suppressed Cowling’s statement and the evidence seized from his car.
 

 On appeal, the State argues that the circuit court erroneously granted Cowling’s renewed motion to suppress evidence seized or obtained during Cowling’s detention and the search of his car. Specifically, the State argues that law enforcement officers had sufficient reasonable suspicion to detain Cowling under
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and its progeny; therefore, Cowling’s statement should not have been suppressed. The State further argues that the search of Cowling’s car was proper under the “automobile exception” because probable cause existed to justify the search; therefore, the circuit court should not have suppressed the evidence found in Cowling’s car. This court agrees with both of the State’s arguments.
 

 “This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dispute.”
 
 State v. White,
 
 28 So.3d 827, 829 (Ala.Crim.App.2009) (citing
 
 State v. Skaggs,
 
 903 So.2d 180, 181 (Ala.Crim.App. 2004)) (internal citations omitted). In the instant case, the facts are uncontested; therefore, the only issue before this court is the circuit court’s application of the law to those facts. Consequently, this Court affords no presumption in favor of the circuit court’s ruling and reviews the circuit court’s decision de novo.
 

 It is well settled that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless the State establishes that the search or seizure falls within a recognized exception.
 
 Ex parte Hilley,
 
 484 So.2d 485, 488 (Ala.1985). Exceptions to the warrant requirement include: 1) objects in plain view; 2) consensual searches; 3) a search incident to a lawful arrest; 4) hot pursuit or emer
 
 *720
 
 gency situations; 5) probable cause coupled with exigent circumstances; and 6) an investigatory detention and frisk pursuant to
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
 
 Ex parte Tucker,
 
 667 So.2d 1339, 1343 (Ala.1995). Another recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone.
 
 State v. Black,
 
 987 So.2d 1177, 1180 (Ala.Crim.App.2006) (citing
 
 Maryland v. Dyson,
 
 527 U.S. 465, 466-67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999)). Thus, this court must determine whether Cowling’s detention and the subsequent search of his vehicle fall within one of these recognized exceptions to the Fourth Amendment’s warrant requirement.
 

 I.
 

 The State first argues that, under the totality of the circumstances, the police officers had a reasonable suspicion to believe that Cowling was engaged in criminal activity; therefore, his brief detention was justified under
 
 Terry v. Ohio
 
 and its progeny. The State further argues that because Cowling’s detention falls within the
 
 Terry
 
 exception, the circuit court erroneously granted Cowling’s motion to suppress evidence obtained pursuant to that detention, i.e., Cowling’s inculpatory statement.
 

 Regarding a brief investigatory detention,
 

 “The United States Supreme Court in
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that ‘a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.’ 392 U.S. at 22, 88 S.Ct. at 1880. The standard for allowing a
 
 Terry
 
 stop is whether there is a reasonable suspicion that ‘the person being stopped has engaged in some type of criminal activity.’
 
 Webb v. State,
 
 500 So.2d 1280, 1281 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986).”
 

 Muse v. State,
 
 [Ms. CR-08-0699, Aug. 28, 2009] -So.3d -, - (Ala.Crim.App.2009) (quoting
 
 Ex parte Carpenter,
 
 592 So.2d 627, 629 (Ala.1991));
 
 see also Gaskin v. State,
 
 565 So.2d 675, 677 (Ala.Crim.App.1990) (“The United States Supreme Court in
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that a police officer may make a brief investigatory detention based upon a ‘reasonable suspicion’ of criminal activity.”).
 

 “In reviewing reasonable suspicion determinations, courts must look at the ‘ “totality of the circumstances” ’ to see whether the detaining officer had a ‘ “particularized and objective basis” ’ for suspecting wrongdoing.
 
 United States v. Arvizu,
 
 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), quoting
 
 United States v. Cortez,
 
 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). ‘This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that “might well elude an untrained person.” ’
 
 Arvizu,
 
 534 U.S. at 273, 122 S.Ct. 744 (quoting
 
 Cortez,
 
 449 U.S. at 418, 101 S.Ct. 690).”
 

 Muse,
 
 — So.3d at -. A brief investigatory detention is proper under Terry if, based on the totality of the circumstances, “the detaining officers ... have a particularized and objective basis for suspecting the particular person stopped of criminal activity.”
 
 United States v. Cortez,
 
 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
 

 
 *721
 
 In the instant case, Officer Harris and the other officers were in the process of executing a search warrant on a duplex at 1112 Oak Street. Prior to executing the warrant, Officer Harris was informed that the area was known for drug activity. Upon arriving at the duplex, the officers pulled into a vacant, grassy lot, used for parking by the occupants of the duplex. As the officers were pulling into the lot, Officer Harris saw Cowling and other individuals standing next to a car. When Cowling noticed the officers, he and the other individuals got into the car. Shortly thereafter, the officers parked their cars. While the officers parked their cars, Cowling and three other individuals got out of Cowling’s car and ran from the officers. The officers chased and caught Cowling to question him regarding why he ran. During the brief detention, Cowling made in-culpatory statements.
 

 Cowling’s presence in an area known for drug activity coupled with his unprovoked flight from the police provided the officers a reasonable suspicion to believe that Cowling was involved in criminal activity.
 
 See Illinois v. Wardlow,
 
 528 U.S. 119, 124-25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (holding that a defendant’s presence in a high crime area coupled with the defendant’s unprovoked flight upon noticing the police justified an investigatory stop pursuant to Terry). Therefore, Cowling’s detention was not unlawful, and the circuit court erroneously granted Cowling’s motion to suppress evidence resulting from that detention, i.e., Cowling’s inculpatory statement.
 

 II.
 

 The State next argues that the circuit court erroneously suppressed evidence seized from Cowling’s car because Officer Harris had probable cause to believe that evidence of a crime existed in the ear. Specifically, the State asserts that the search of Cowling’s car was proper under the “automobile exception” to the warrant requirement because Officer Harris observed smoke emanating from the car and smelled burning marijuana. We agree.
 

 As noted above, one recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone.
 
 Black,
 
 987 So.2d at 1180 (citing
 
 Dyson,
 
 527 U.S. at 466-67, 119 S.Ct. 2013). Under the “automobile exception” to the warrant requirement, “ ‘[a] warrantless search of a vehicle is justified where there is probable cause to believe the vehicle contains contraband.’ ”
 
 Harris v. State,
 
 948 So.2d 583, 587 (Ala.Crim.App.2006) (quoting
 
 Lykes v. State,
 
 709 So.2d 1335, 1337 (Ala.Crim.App.1997)). “ ‘Probable cause to search a vehicle exists when all the facts and circumstances within the officer’s knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and the vehicle contains contraband.’ ”
 
 Harris,
 
 948 So.2d at 587 (quoting
 
 State v. Odom,
 
 872 So.2d 887, 891 (Ala.Crim.App.2003)). “The level of evidence needed for a finding of probable cause is low.”
 
 State v. Johnson,
 
 682 So.2d 385, 387 (Ala.1996). “In dealing with probable cause ... we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, and legal technicians act....”
 
 Brinegar v. United States,
 
 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). “[Ojnly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.”
 
 Stone v. State,
 
 501 So.2d 562, 565 (Ala.Crim.App.1986)(quoting
 
 Spinelli v. United States,
 
 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)).
 

 
 *722
 
 At the suppression hearing, Officer Harris testified that after the officers detained Cowling, she walked over to Cowling’s vehicle. Once she was next to the vehicle, Officer Harris noticed smoke emanating from the interior of the vehicle and that the smoke smelled like marijuana. Officer Harris further testified that it was the marijuana smoke that “drove” her to look inside the vehicle, where she found a burning marijuana cigarette, ten ounces of prepackaged marijuana, and digital scales. (C. 9, R. 10.)
 

 “[I]t is well settled ... that the odor of burned marijuana emanating from an automobile is enough to provide probable cause to search the vehicle.”
 
 Blake v. State,
 
 772 So.2d 1200, 1202 (Ala.Crim.App.2000).
 
 See also State v. Gargus,
 
 855 So.2d 587, 592 (Ala.Crim.App.2008) (holding that an officer’s detection of “the odor of ‘burnt marijuana smoke’ emanating from [a] vehicle ... established probable cause” to search the vehicle);
 
 Key v. State,
 
 566 So.2d 251, 254 (Ala.Crim.App.1990) (same).
 
 C.f. Adams v. State,
 
 815 So.2d 578, 582, n. 4 (Ala.2001) (holding that “where police officers smell the odor of burned or burning marijuana coming from a legally stopped automobile, police officers have probable cause to arrest all of the automobile’s occupants ... ”). Based on Officer Harris’s undisputed testimony that she smelled burning marijuana emanating from Cowling’s car prior to the search, the officers had “ ‘probable cause to believe the vehicle contain[ed] contraband.’ ”
 
 Harris,
 
 948 So.2d at 587 (quoting
 
 Lykes,
 
 709 So.2d at 1337). Therefore, Officer Harris’s search of Cowling’s car was justified under the “automobile exception” to the warrant requirement. Accordingly, the circuit court erred in granting Cowling’s motion to suppress evidence seized during the search of his car.
 

 For the foregoing reasons, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . Cowling argues that the State’s notice of appeal was untimely; therefore, this appeal should be dismissed. The State, however, filed it notice of appeal on June 3, 2008, less than seven days after the circuit court entered its May 30, 2008 order granting Cowling's renewed motion to suppress. (C.R. 3, 27.) Therefore, the State’s notice of appeal was timely pursuant to Rule 15.7, Ala. R.Crim. P.